# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOUTEZ PRICE, | ) | Case No. 1:17-cv-01259 |
| | ) | |
| Plaintiff, | ) | Judge Sarah Ellis |
| | ) | |
| v. | ) | Magistrate Sidney I. Schenkier |
| | ) | |
| DAVID EVANS, in his Individual and Official Capacity, | ) | Plaintiff Demands Trial By Jury |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, RAYMOUTEZ PRICE ("Plaintiff"), by and through his attorneys, POWER ROGERS & SMITH, LLP, for his First Amended Complaint against Defendant DAVID EVANS ("Officer Evans"), in his individual and official capacity, states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this Amended Complaint pursuant to the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act, Title 42, Section 1983 ("Section 1983").

2. Through this action, Plaintiff seeks redress for the wrongs suffered as a result of Officer Evans's deliberate and wrongful acts and seeks compensatory damages, punitive damages, costs, reasonable attorney's fees and any other relief that the Court deems just and proper.

## PARTIES

3. On December 16, 2015, and at all times material, Plaintiff was an individual who was incarcerated at the Cook County Department of Corrections (the "CCDOC"), Cook County Jail, 2700 South California Avenue, Chicago, Illinois.

4. On December 16, 2015, and at all times material, Defendant Officer Evans was an individual who was employed as an officer by the Cook County Sherriff's Police Department.

5. On December 16, 2015, and at all times material, Defendant Officer Evans was acting under the color of his official capacity, and his acts were performed under the color of the statutes and ordinances of Cook County and the State of Illinois.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over Plaintiff's claims, which arise under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this action occurred in this District.

## FACTS

### The Assault

8. On and prior to December 16, 2015, Plaintiff is a paraplegic and is confined to a wheelchair.

9. At or around 2:45 a.m. on December 16, 2015, and at all times material, Defendant Officer Evans entered Cermak 3 West Cell 3215 after Plaintiff asked for medication.

10. At or around 2:45 a.m. on December 16, 2015, and at all times material, after Officer Evans entered the cell, Plaintiff again inquired about his medication.

11. At or around 2:45 a.m. on December 16, 2015, and at all times material, Officer Evans, without provocation, pulled Plaintiff out of his wheelchair and onto the floor.

12. At or around 2:45 a.m. on December 16, 2015, and at all times material, after Plaintiff laid helpless on the floor, Officer Evans hit Plaintiff maliciously, brutally, and without provocation in the head multiple times with a metal wheelchair armrest.

13. At or around 2:45 a.m. on December 16, 2015, and at all times material, during the assault by Officer Evans, another officer, Officer Koedyker, yelled "Evans" several times, in an apparent attempt to stop Officer Evans's attack.

14. As a direct and proximate result of the aforedescribed assault of Plaintiff by Defendant Officer Evans, Plaintiff suffered significant and permanent injuries and damages, including but not limited to pain, suffering, disability, disfigurement, emotional distress, and has incurred medical and rehabilitative expenses.

**Plaintiff's Treatment at Stroger Hospital**

15. On December 16, 2015, and at all times material, due to Plaintiff's serious injuries, Plaintiff was taken to John H. Stroger, Jr. Hospital of Cook County ("Stroger") in an ambulance.

16. Plaintiff's medical records from his December 16, 2015 visit to Stroger note that Plaintiff suffered from a hematoma on his forehead which had surrounding tenderness, as well as tenderness over his cheekbone.

17. Plaintiff's medical records from his December 16, 2015 visit to Stroger also refer to Plaintiff's injury as an "assault to the face."

18. Plaintiff noted on his intake forms from his December 16, 2015 visit to Stroger that he was suffering from headaches.

**COUNT I**

**FOURTEENTH AMENDMENT CLAIM CONCERNING EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983**
**(David Evans As Cook County Sherriff Officer- In His Individual Capacity)**

19. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 18 of this First Amended Complaint.

20. On or about 2:45 a.m. on December 16, 2015, and at all times material, Officer Evans maliciously and sadistically struck Plaintiff in the head with a metal wheelchair armrest.

21. As a direct and proximate result of the aforedescribed assault of Plaintiff by Defendant Officer Evans, Plaintiff suffered significant and permanent injuries and damages, including but not limited to pain, suffering, disability, disfigurement, emotional distress, and has incurred medical and rehabilitative expenses.

22. WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant EVANS as follows:

    a. Granting Plaintiff compensatory damages in an amount not yet known and to be determined at trial;

    b. Granting Plaintiff punitive damages in an amount to be determined at trial;

    c. Granting Plaintiff an award of costs, pursuant to 28 U.S.C. § 1920;

    d. Granting Plaintiff an award of reasonable attorney's fees, pursuant to 42 U.S.C. §1988; and

    e. Granting any such other relief as this Honorable Court deems just and proper.

## COUNT II

**FOURTEENTH AMENDMENT CLAIM CONCERNING EXCESSIVE FORCE IN VIOLATION OF 42 U.SC. § 1983**
**(DAVID EVANS as Cook County Sherriff Officer- In His Official Capacity)**

23. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 18 of this Amended Complaint.

24. Officer Evans's was acting under the color of the statutes and ordinances of Cook County and the State of Illinois as an Officer of the Cook County Sherriff's Police Department when he committed the misconduct, as alleged in paragraphs 1-18 of Plaintiff's First Amended Complaint.

25. Officer Evans's misconduct, as alleged in paragraphs 1-18 of Plaintiff's First Amended Complaint, was undertaken pursuant to the policy and practice of the Cook County Sherriff's Department in that:

    a. As a matter of both policy and practice, Cook County directly encourages, and is the moving force behind the very type of misconduct at issue here by failing to adequately train its officers.

    b. As a matter of policy and practice, inmates at Cook County Jail are regularly subject to inappropriate and excessive uses of force.

    c. As a matter of policy and practice, inmates at Cook County Jail are often physically struck by Cook County Jail officers even when the inmate presents no threat to anyone's safety or the security of the facility.

    d. There is a "code of silence" culture in Cook County, where officers do not report misconduct by other officers, particularly when that misconduct involves excessive force.

    e.    Cook County is fully aware of the pattern of abuse in Cook County Jail, and has failed to remedy this abuse, despite knowledge of the same.

26.    The misconduct described in Plaintiff's First Amended Complaint was undertaken with malice, and was unreasonable and unjustified.

27.    That as a direct proximate result of Officer Evans's actions, undertaken in accordance with official custom, pattern and/or practice, Plaintiff suffered significant and permanent injuries and damages, including but not limited to pain, suffering, disability, disfigurement, emotional distress, and has incurred medical and rehabilitative expenses..

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant EVANS as follows:

1. Granting Plaintiff compensatory damages in an amount not yet known and to be determined at trial;
2. Granting Plaintiff punitive damages in amount to be determined at trial;
3. Granting Plaintiff an award of costs, pursuant to 28 U.S.C. § 1920;
4. Granting Plaintiff an award of reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and
5. Granting any such other relief as this Honorable Court deems just and proper.

Respectfully Submitted,

**POWER ROGERS & SMITH, LLP**

By: /s/ Kathryn L. Conway
*One of the attorneys for Plaintiff*
Kathryn L. Conway
POWER ROGERS & SMITH, LLP

6

70 W. Madison Street, Suite 5500
Chicago, IL 60602
(p) 312.236.9381
(f) 312.236.0920
KConway@prslaw.com